**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RODNEY ALLEN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 26-cv-3123** |
| | : | |
| **JOSEPH TERRA,** *et al.*, | : | |
| **Defendants.** | : | |

**O R D E R**

**AND NOW**, this 9th day of July, 2026, upon consideration of *pro se* Plaintiff Rodney

Allen's Motion to Proceed *In Forma Pauperis*, ECF No. 6; Prisoner Trust Fund Account

Statement, ECF No. 7; Complaint, ECF No. 1; Motion for Leave to File an Amended Complaint,

ECF No. 3; and Motion for the Appointment of Counsel, (ECF No. 2); **IT IS ORDERED**

**THAT**:

1.      Leave to proceed *in forma pauperis*, ECF No. 6, is **GRANTED**.

2.      Rodney Allen, #EV-4397, shall pay the full filing fee of $350 in installments,

pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The Court directs the

Superintendent of SCI Phoenix or other appropriate official to assess an initial filing fee of 20%

of the greater of (a) the average monthly deposits to Allen's inmate account; or (b) the average

monthly balance in Allen's inmate account for the six-month period immediately preceding the

filing of this case.  The Superintendent or other appropriate official shall calculate, collect, and

forward the initial payment assessed pursuant to this Order to the Court with a reference to the

docket number for this case.  In each succeeding month when the amount in Allen's inmate trust

fund account exceeds $10.00, the Superintendent or other appropriate official shall forward

payments to the Clerk of Court equaling 20% of the preceding month's income credited to

Allen's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3.    The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Phoenix.

4.    The Complaint is **DEEMED** filed.

5.    The Motion for Leave to File an Amended Complaint, ECF No. 3, is **GRANTED** such that the additional factual allegations presented therein were considered, and the Court will construe ECF No. 1 and ECF No. 3 together as the initial Complaint for purposes of statutory screening under 28 U.S.C. § 1915(e)(2)(B).

6.    For the reasons stated in the accompanying Memorandum, the Complaint, ECF Nos. 1 and 3, is **DISMISSED** as follows:

a.    All federal claims under 28 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

b.    All state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.[1]

7.    The Motion for the Appointment of Counsel, ECF No. 2, is **DENIED** as moot.

8.    The Clerk of Court shall **CLOSE** this case.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*

**JOSEPH F. LEESON, JR.**
**United States District Judge**

---

[1]    "The period of limitations for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."  28 U.S.C. § 1367(d).